EDGEWATER INN, INC.,
an Oregon Corporation

*v.*

DEPARTMENT OF REVENUE

(TC 3552)

Steven L. Wilgers, Coos Bay, represented plaintiff.

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 13, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's motion for summary judgment. The parties stipulated the facts. The issue concerns what property qualifies for an enterprise zone tax exemption.

Plaintiff is an Oregon corporation owning and operating a motel in Coos Bay. The motel is located in an enterprise zone. Plaintiff applied for a property tax exemption for the personal property used in its motel business. Initially the Coos County assessor granted the exemption, beginning with the 1991-92 tax year. However, later the assessor decided that the subject property did not qualify for exemption. On November 19, 1992, the assessor notified plaintiff that he intended to add the subject property to the tax rolls as omitted property for the tax year 1991-92.[1]

---

[1] Department's opinion and order covered only 1991-92 and 1992-93.

Plaintiff does not challenge the authority of the assessor to correct an erroneously granted exemption by adding the property as omitted property. Plaintiff does contend that the assessor is in error because the property qualifies for an enterprise zone exemption.

The relevant portions of ORS 285.607[2] provide:

"(1) The property tax exemption provided under ORS 285.597 shall be available only for qualified property of a qualified business firm.

"(2) The following kinds of property are qualified for the exemption allowed under ORS 285.597:

"* * * * *

"(d) Any real property machinery or equipment, whether new, used or reconditioned, that is newly purchased, leased or transferred into the enterprise zone from outside the county within which the zone is located and installed in property owned or leased by a qualified business firm.

"(e) Any single item of personal property machinery or equipment, whether new, used or reconditioned, that is newly purchased, leased or transferred into the enterprise zone from outside the county within which the zone is located and installed in property owned or leased by a qualified business firm * * *.

"* * * * *

"(g) Any property otherwise described in this section that is owned or leased and operated by a business firm operating a hotel, motel or destination resort, to the extent that the property is located on the same site as the hotel, motel or destination resort and is used primarily to serve overnight guests of the hotel, motel or destination resort. For purposes of this paragraph, property is primarily used to serve guests if at least 50 percent of any receipts from such use are paid by guests."

The subject property is not used to produce tangible goods and the parties agree that no single item of personal property has a cost of at least $50,000.

---

However, plaintiff's memo indicates that the parties stipulate the opinion and order should include 1990-91 as well.

[2] All statutory references are to the 1991 Replacement Part.

■ Plaintiff acknowledges that motel property must be "property otherwise described in this section" in order to qualify. Plaintiff believes the subject property qualifies as "equipment" which is "installed in property owned or leased by a qualified business firm." However, plaintiff ignores the words "real property." The exemption provided by subparagraph (d) is only for machinery or equipment which, due to its size or nature, becomes part of real property and is assessed as such. The words "real property" modify both "machinery" and "equipment." Otherwise, as defendant points out, the distinctions between subparagraph (d) and subparagraph (e) would be meaningless.

Based on the above, the court finds plaintiff's motion for summary judgment should be denied. Judgment will be entered for defendant on the court's own motion. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied.